Mario Pittoni, J.
Motion by the defendant to open default and set aside summary judgment entered in favor of plaintiffs is granted, and the motion by the plaintiffs for summary judgment is denied.
*7 On April 7, 1560 the return date of the plaintiffs’ motion for summary judgment, no affidavit in opposition was submitted by defendant. The defendant’s attorney has submitted proof that an affidavit was mailed on April 5,1560 to a calendar answering service in Mineóla, New York, prior to the return date, and that the answering service did not receive it until April 8, 1960. By then the motion had been granted.
The defendant moved promptly to be relieved of the default after the answering service returned its papers in opposition. There was no deliberate or willful default by the defendant, and in the interests of justice his default is vacated.
The court will consider the motion on the basis of the proof submitted by both sides. This action involves a collision which occurred on May 30, 1957, at about 2:00 a.m., on Hempstead Turnpike at or near Avis Drive, East Meadow. The defendant was proceeding westward on Hempstead Turnpike and the plaintiffs were traveling eastward. At the time Hempstead Turnpike was being widened in this area from two lanes to four.
The plaintiff claims that as he approached Avis Drive he noticed the defendant’s auto about a half a block away; and as the plaintiffs entered the intersection the defendant made a left turn and struck the rear of plaintiffs’ car, causing it to be thrown into a ditch. The plaintiffs rely on defendant’s examination before trial in which the defendant testified that he did not see plaintiffs’ car before the accident. On that examination the defendant testified that he was going three or four miles an hour in making the turn, and that he could not make the turn on the first attempt because of the danger of going into a trench. .He, therefore, backed up and went forward a second time when the collision occurred. In an examination before trial the plaintiff testified that he saw the defendant’s car slow down when he pulled away from the light which was a block and a half away. The plaintiff husband further testified that he kept the defendant under observation until the collision; and when asked what he observed the defendant do, stated as follows: “ I surmised that he was going to stop. He was turning into the lane. He could not make the turn and I thought that he would let me-go by. As I approached him I noticed that he was not going to stop and I swerved to avoid hitting him and I ended up in the ditch.” This court cannot determine on the papers submitted which party was negligent. Issues of fact exist which preclude summary judgment. (Falk v. Goodman, 7 N Y 2d 87.) Submit order.